**UNITED STATES DISTRICT COURT**
**NORTHEN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

CASE NO.

 JUAN CARLOS GIL,

   Plaintiff,

v.

 ALACHUA COUNTY, FLORIDA,

   Defendant,

---

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

---

COMES NOW Plaintiff Juan Carlos Gil ("Plaintiff), by and through his undersigned counsel, and hereby sues Defendant Alachua County, Florida ("Defendant" or "Alachua County") for declaratory and injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12131 et. seq. ("ADA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 ("Section 504") and alleges as follows:

**<u>INTRODUCTION</u>**

1. This is an action under Title II of the Americans with Disabilities Act of 1990 and under Section 505 of the Rehabilitation Act of 1973 through which Section 504 of the Rehabilitation Act of 1973 ("RA") is enforced to redress unlawful disability-based practices and to make Plaintiff Juan Carlos Gil whole.

2. Defendant has directly violated Department of Justice Guidelines for document publishing.

1

3.   Defendant does not have an electronic document publishing policy.

4.   Defendant Alachua County, Florida is a public entity which has provided the electronic documents related to the Alachua County government.

5.   The document creation, storage and archiving is a program, service, and activity of Alachua County. Much of that content is provided in portable document format ("PDF").   While the documents are currently stored on the www.alachuacounty.us website, the documents are not inextricably tied to the website.   The documents can be stored on any digital store device or media such as a thumb drive, compact disc, external hard drive or DVD.   Neither the internet nor a website is needed to access or use the documents.

6.   A majority of the Defendant's electronic documents were created in an accessible format, and then Defendant took affirmative action to make them inaccessible.

7.   Defendant has denied Plaintiff his fundamental right to observe and participate in the democratic process of self-government.   A citizen's right to meaningful participation in the political process and to access publicly available information needed to participate in the process is a fundamental right requiring heightened scrutiny.   *Johnny Reininger, Jr. v. State of Oklahoma*, Case No.: 5:16-cv-012141 (November 9, 2017) and *Natl Association of the Deaf (NAD) v State of Florida*, 318 F. Supp. 3d 1338 (S.D. Fla. 2018).   The First Amendment to the United States Constitution guarantees citizens the right to petition government for redress of grievances.   Alachua County has violated (and continues to violate) Plaintiff's constitutional right to petition the Alachua County government because it denies him equal access to the publicly available information needed to exercise this right.

8.   Plaintiff brings this action against the Defendant to enforce the requirement

of Section 504 of the Rehabilitation Act that a public entity receiving or distributing federal financial assistance (which Defendant receives and distributes each year) must not deny persons with disabilities the benefits of its programs, services and activities.

9.   By failing to provide electronic documents in accessible format, Defendant has deprived blind, visually impaired and low sighted individuals of the benefits of its published content and in so doing has engaged in discriminatory practices.

10.   Defendant's denial of much of its publicly available online content to blind and visually impaired individuals violates Section 504, and Title II of the ADA, and the basic tenants of the Civil Rights Act.

## JURISDICTION AND VENUE

11.   Plaintiff is expressly authorized to bring this action pursuant to Title II of the ADA, 42 U.S.C. §§ 12131-12133, incorporating by reference the remedies, procedures and rights under Sections 504, 29 U.S.C. § 794, §794(a), incorporating the remedies, rights and procedures set forth in §717 of the Civil Rights Act of 1964, including the application of §706(f) through §706(k), 42 U.S.C. §§2000e-5(f)-(k).

12.   This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. §12188. This Court's jurisdiction is proper under 28 U.S.C. §§ 451, 1331, 1337, and 1343.

13.   Plaintiff has met all conditions precedent to bring this action.

## PARTIES

### Juan Carlos Gil

14.   Plaintiff Juan Carlos Gil is a resident of the State of Florida, is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2) and the regulations implementing the ADA and as set forth at 29 USC §705(20). Plaintiff suffers

optic nerve damage and is legally blind. Plaintiff also suffers from cerebral palsy, is unable to walk, and is confined to a wheelchair. Plaintiff's disability is defined in 28 C.F.R. §35.108, as Plaintiff is substantially limited in the major life activity of seeing, specifically 28 C.F.R. §35.108(c)(1).

15.     Plaintiff is an athlete who travels for his athletic triathlon endeavors, and also is an advocate for the rights of blind and wheelchair bound disabled individuals.[1]

16.     In the past years, Plaintiff has traveled to Arizona, Orlando, and Boston to attend various conventions and meetings to advance the rights of the disabled. Such events include, but are not limited to, the National Federation for the Blind convention in Orlando[2], the American Counsel for the Blind conferences[3] and various focus groups and meetings throughout the east coast (including New York and Boston).

17.   Plaintiff advocates for the disabled in the state of Florida. He relies on publicly available information to aid in his advocacy and participation in the political process. Much of the publicly available information is in a portable document format (PDF) and is stored or archived on public entity websites.

18.   Due to his disability, the Plaintiff requires that document information be saved in an accessible format such as HTML or an accessible electronic format so that he can comprehend (read) that document with screen reader software.

19.   Plaintiff is a qualified and/or otherwise qualified individual with a disability. Plaintiff's interest in public discourse and public services and Defendant's failure to provide that information to Plaintiff as it provides to the non-disabled public fall within

---

[1] Juan Carlos Gil has traveled to speak on disabled rights, written letters, and mentored other disabled individuals as well as being the Plaintiff in the Landmark Historic federal trial over Web Accessibility (*Juan Carlos Gil v Winn Dixie Stores, Inc.* No. 16-cv-23020);  See press release on case: www.prweb.com/releases/2017scottrdinin/06civilrights/prweb14437034.htm
[2] July 2017, 2018
[3] In 2017 (Nevada) and in 2018 (Wisconsin)

the zone of interest which the RA and Title II of the ADA protect, thus qualifies Plaintiff as a person who has been subjected to unlawful discrimination. (see, *Bank of America v City of Miami* 137 S. Ct. 1296 (2017)).

**Alachua County, Florida**

20.   Alachua County, Florida is a local government entity, a body corporate and political subdivision of the State of Florida.  Alachua County is a county in the U.S. state of Florida. As of the 2010 census, the population was 247,336. The county seat is Gainesville, the home of the University of Florida since 1906, when the campus opened with 106 students. Alachua County is included in the Gainesville Metropolitan Statistical Area. The county is known for its diverse culture, local music, and artisans. Much of its economy revolves around the University, which had nearly 55,000 students in fall 2016. Alachua County was created by the Florida territorial legislature in 1824. With a population of more than 200,000, the county offers abundant archaeological, historical, and natural sites to visitors and residents alike.

21.   Alachua County, Florida Home Rule and Chapter 125.01 of the Florida Statutes gives the Alachua County Board of County Commissioners the ability to create (through a local public hearing ordinance procedure) local laws[4].  This process is done without having to go to the Florida Legislature to request special legislation to create these laws. The Board of County Commissioners is the governing body of the County. Its members are directly elected by the people of Alachua County. The Board makes policy, which includes: Setting the County's budget, enacting new laws, ruling on rezoning applications and other land-use cases. The Board appoints the County Manager and the County Attorney. The County Manager supervises all of the 800+ employees under the

---

[4] that are not in conflict with or specifically prohibited by state general law or the Florida Constitution

Board, except for the staff of the County attorney and provides professional management of services and work with staff to develop policy recommendations.  The Board of County Commissioners distributes federal financial assistance through its budgetary and legislative process to Alachua County agencies and departments.  No person, agency or department is above the Alachua Board of County Commissioners.

22.  Since Defendant is a public it is subject to Title II of the ADA. 42 U.S.C. §12131(1).

23.  On information and belief, Defendant is also a recipient and distributor of federal funds and as such, is also subject to the requirements of Sections 504.

## GENERAL ALLEGATIONS

24.  As further set forth in detail below, when Plaintiff went to Alachua County website to view its documents in  December 14, 2018 and on February 13, 2019, they were not accessible to persons using a screen reader causing him an injury in fact because he is in the zone of interest covered under the ADA and the RA. Defendant caused the injury when it failed to comply with the ADA and the RA.  Plaintiff plans to visit Alachua County website in the near future (*see Houston v. Morad Supermarkets, Inc*. 733 F.3d 1323 (11th Cir. 2013) and will continue to suffer further discrimination because Defendant refuses to comply with the ADA and the RA.  Any future injury will be redressed by a favorable decision from this Court requiring Defendant to comply with the law.  Plaintiff has standing consistent with the requirements the Eleventh Circuit set forth in *Houston*. Plaintiff is an interested person because he (as a blind individual) sought to receive documents from Alachua County in an accessible format, followed the statutory scheme as intended by Congress and Alachua County has failed to accommodate Plaintiff and has suffered injury in fact as a result of Alachua County's discrimination.

25.  Defendant offers a service through its online portal www.alachuacounty.us where interested persons can obtain pertinent information regarding the government of Alachua County. This information aids persons who advocate public policy on behalf of themselves or others. Plaintiff is such a person. He is interested in Alachua County policies as they relate to the disabled and infirm using Alachua County's services, programs, and activities.

26.  The cost of living in Coral Gables is 206.1[5], which is significantly higher than the national average. The high cost of living has become burdensome on Plaintiff therefore he is considering moving out of the area to a more affordable location in Florida.  In Alachua County the cost of living is 97.1[6] which is much more affordable compared to the cost of living in Coral Gables.

27.  The county seat for Alachua County is Gainesville, Florida.  Plaintiff has visited the Gainesville area because he is interested in pursuing a graduate degree and would like to be immersed in student live should he decide to pursue a master's degree. The University of Florida Gainesville area has become a vibrant center and the, neighborhoods surrounding Downtown Gainesville (such as the Duck Pond, the Southeast and Pleasant Street) are interesting historic districts with unique character which has attracted Plaintiff as a location to live.

28.  Plaintiff has researched student housing and determined that the rent is affordable should he relocate to the area.

29.  Based upon Plaintiff's initial research, the City of Gainesville (the county seat for Alachua County) has presented as a viable living option.

---

[5] https://www.bestplaces.net/cost_of_living/city/florida/coral_gables
[6] www.bestplaces.net/cost_of_living/county/florida/alachua

30.   Defendant provides pertinent information on living and visiting Alachua County (but not limited to): Alachua County Small Business Enterprise Program[7] and Alachua County FY 18/19 Schedule of Fees and Charges for Services[8]. These types of documents are made available by Defendant to generally inform the public of the services provided by Defendant.

31.   Defendant's electronic documents provide information on Alachua County policies and positions which affect the public directly. A sampling of those links to electronic documents is provided herein below:

• Resolution19-01. A Resolution of the Children's Trust of Alachua County; establishing a proposed mileage rate per Fiscal Year 2019/2020; providing for an effective date[9].

• Resolution 18-26 May 3, 2018 Budget Management that link to an electronic document containing information about to establish and maintain practices for the adoption, administration, and amendment of the Annual Budget in accordance with Florida Status Chapter 129[10].

• For Board of County Commissioners Public Hearing June 25, 2019[11] that link to an electronic document that contains information about a request initiated by Alachua County to amend various elements of the Alachua County

---

[7] www.alachuacounty.us/Depts/EO/Documents/ADACompliant/Small%20Business%20Enterprise%20Program22.pdf
[8] www.alachuacounty.us/Depts/OMB/Fees/2018-2019%20-%20FY19%20Fee%20Schedule.pdf
[9] www.alachuacounty.us/Depts/CSS/childrenstrust/Documents/ADACompliant/Signed%20resolutions%20for%20proposed%20millage%20and%20budget%20ck.pdf
[10] www.alachuacounty.us/Depts/OMB/Financial%20Policies/Budget%20Management%20Policy%20FY19%20FINAL.pdf
[11] www.growth-management.alachuacounty.us/formsdocs/Evaluation_and_Appraisal_Based_Amendments_and_Supporting_Data_and_Analysis.pdf

Comprehensive Plan: 2011-2030 based on the Evaluation and Appraisal of the Plan pursuant to Section 163.3191 of Florida Statutes. Proposed amendments to the Plan include revisions to certain goals, objectives, policies, maps, tables, and definitions in the following elements: Future Land Use, Transportation Mobility, Housing, Potable Water and Sanitary Sewer, Solid Waste, Conservation and Open Space, Stormwater Management, Recreation, Intergovernmental Coordination, Economic, Capital Improvements, Public School Facilities, Community Health, and Energy.

32.   Alachua County Board of Commissioner's meetings have a direct effect on the lives of residents of Alachua County and citizens of the state of Florida (in general). Interested persons can become informed about the effect of Board of County Commissioner's meetings and the resulting policies, budgets, and services online by viewing the electronic documents generated which reflect the decisions made by the Board of County Commissioners through this portal. Interested persons are able to view thousands of documents related to the government of Alachua County through this portal. An example of electronic documents include: Bicycle /Pedestrian Advisory Board Meeting Agenda February 7, 2019[12], and Special Budget Meeting Minutes December 6, 2018[13].

33.   Through perusing the agenda documents, interested persons can ascertain what legislation and projects are being considered regarding important disability policies for many of the County's programs, services and activities.

34.   Defendant also provides publications to the public which are also in

---

[12] www.advisoryboards.alachuacounty.us/boards/agendas.aspx?id=31&fileid=6502
[13] www.meetingdocs.alachuacounty.us/documents/bocc/minutes/2018/draft/BOCC%2012-06-18_unbound.pdf

electronic service document format. These publications contain information on a variety of Alachua County issues. A few of the publications provided to the public by Defendant include (but are not limited to): Alachua County Tentative Budget FY 2019-20[14], Alachua County FY 2019 Budget Message[15], Stormwater Program Water Quality Project Descriptions[16] and Alachua County Community Update 2019 Annual Report[17]. These publications are made available by Defendant to inform the public of up-to-date (current and pertinent) information for residents and visitors of Alachua County regarding services provided by Defendant to the public (visitors, businesses, and residents).

35.  Online "on-demand" viewing of the Defendant's electronic documents is not an option available to persons with vision disabilities due to the fact that those documents are provided solely in a *PDF flat surface* format and do not interface with screen reader software as used by blind and visually impaired individuals. Plaintiff (who is legally blind) is such an interested person.

36.  In December 2018 and February 2019 Plaintiff attempted to view Defendant's electronic documents.

37.  Because Defendant's electronic documents are published in violation of DOJ policy as they are discriminatory on their fact and effect. Defendant's electronic documents are not provided in an accessible format for the blind and visually impaired and are not provided in accessible HTML or PDF format, such that Plaintiff has been

---

[14] www.alachuacounty.us/Depts/OMB/TodayInBudget/FY20%20Tentative%20Budget%20Book.pdf
[15]
www.alachuacounty.us/Depts/OMB/TodayInBudget/FY2019%20County%20Manager%20Budget%20Message.pdf
[16]
www.alachuacounty.us/Depts/OMB/Budget%20Presentations/Water%20Quality%20Project%20Descriptions.pdf
[17]
www.alachuacounty.us/Depts/Communications/Community%20Update/ADACompliant/TheJune3IssueofCommunityUpdateisOut.pdf

prevented from becoming informed about Alachua County's governmental functioning, policies, programs, services and activities that Defendant offers to the disabled and infirm, because of his vision disability.

38.  This exclusion resulted in Plaintiff suffering from feelings of segregation, rejection, and isolation.

39.  Due to his inability to comprehend Defendant's electronic documents, on February 13, 2019 Plaintiff wrote a letter to Defendant and informed Defendant that he is legally blind and unable to fully access the electronic documents which Defendant provides to the public with his screen reader software. In that letter, Plaintiff requested Defendant's electronic documents be provided in an accessible format for blind and visually impaired individuals (such as himself). Plaintiff made this request via U.S. mail service.  Plaintiff's letter request is attached hereto as Exhibit A.

40.  Defendant sent a letter in response to the Plaintiff which stated that they have received Plaintiff's request for accommodation, and they wanted to know the type of screen reader Plaintiff was using so they could make sure that the requested documents were accessible by the software program Plaintiff was using. Respondent also offered to Plaintiff to have the information delivered through a file sharing application or on a CD. Respondent sent a second letter to Plaintiff, stating the same as in the first letter sent to Plaintiff. See Exhibits B and C.  Defendant's response did not state that the electronic documents which it provides to the public were now accessible, as Plaintiff had requested in his request for accommodation letter.

41.  In March 25, 2019, Plaintiff again attempted to access Defendant's electronic documents, but those electronic documents remained inaccessible as he still could not comprehend them with his screen reader software. It is sufficiently obvious that Plaintiff

and others who are blind or low sighted need Defendant to properly save its documents so that they are accessible on demand and permit such persons to benefit from the services, programs and activities.

42.  Plaintiff has concrete plans to move from Miami in the near future and Alachua County presents as a viable living option.  Plaintiff will be able to assess his ability to move to Alachua County once he is able to access all of the services and benefits which Alachua County offers through Alachua County's electronic documents (which are currently inaccessible to Plaintiff). (see *Houston v Marod Supermarkets, Inc.* 733 F.3d 1323, 1340 (2013).

43.  Plaintiff continues to desire to advocate on behalf of the disabled and infirm within Alachua County. However, Plaintiff is unable to undertake his constitutionally protected activities, as he is unable to meaningfully access and comprehend the electronic documents provided by Defendant for the public.

44.  Furthermore, Defendant has not provided any other auxiliary aid or service which would assist Plaintiff and/or similarly situated blind or visually impaired constituents to meaningfully access and fully comprehend Defendant's electronic documents in the same manner as Defendant has as made available to the non-disabled public.

45.  Because Defendant has not provided its electronic documents in an accessible format for the blind and visually impaired, Plaintiff was left excluded from political advocacy with Alachua County government.

46.  Plaintiff's inability to access Defendant's electronic documents has resulted in a *virtual barrier* which has impaired, obstructed, hindered, and impeded Plaintiff's ability to become an involved citizen in advocating for the disabled in Alachua County

12

government and learn about the programs, services and activities available to disabled residents to (and visitors of) Alachua County.

47.  On information and belief, since December 2018 when Plaintiff first began to attempt to access and learn about Alachua County programs, services, activities and government, Defendant has not made reasonable modifications to its policies and procedures to ensure future compliance with the ADA and/or the RA.

48.  As of this filing, the electronic documents made available by Defendant remain inaccessible to Plaintiff as well as to other blind and visually disabled individuals.

49.  Plaintiff continues to desire to advocate for an inclusive government policy within Alachua County government. He needs to be fully informed about past actions and policies before advocating for changes in current policy. However, Plaintiff is unable to do so, as he is unable to meaningfully access and comprehend the electronic documents provided by Defendant for the public.

50.  By Defendant's failure to make the electronic documents accessible, Plaintiff has suffered injuries and shame, humiliation, isolation, segregation, experienced emotional suffering, pain and anguish and has been segregated and prohibited from enjoying the programs, services and activities offered by Defendant to the public.

51.  Plaintiff will suffer continuous and ongoing harm from the Defendant's omissions, policies, and practices regarding its electronic documents unless enjoined by this Court.

52.  Defendant has engaged (and continues to engage) in unlawful practices in violation of Title II of the ADA (42 U.S.C. §12132) and Section 504.

53.  Defendant's unlawful practices include (but are not limited to) denying Plaintiff (an individual with a disability) the ability to participate in Alachua County

government and to participate in Alachua County community programs, services and activities by failing to provide Plaintiff the ability to study and review Alachua County's electronic documents in the same manner as provided to the sighted public.

54.  Defendant is deliberately indifferent to the provisions of the RA and Title II of the ADA in regard to the unlawful practices described herein because Defendant is aware of the availability of computer programs which allow Defendant to save electronic documents in an accessible format. Despite the ease of providing accessible electronic documents, Defendant has failed to reasonably modify its policies, processes and procedures for the same.

55.  As a result of Defendant's actions, Plaintiff has been damaged and has suffered injuries and shame, humiliation, isolation, segregation, experienced emotional suffering, pain and anguish.

56.  For all of the foregoing, Plaintiff has no adequate remedy at law.

57.  Plaintiff has retained Scott Dinin P.A. and J. Courtney Cunningham PLLC as his legal counsel in this action and has agreed to pay a reasonable attorney fee.

## COUNT I – VIOLATIONS OF TITLE II OF THE ADA

58.  Defendant's document creation and storage is a program, service, or activity within the definition of Title II of the ADA. Defendant makes information available in thousands of pages of documents available through its information portal from which the public can access electronic documents.

59.  The broad mandate of the ADA is to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American civic and economic life and that mandate extends to public entities including Defendant and the documents that Defendant provides to the public (including those documents

14

provided in electronic document format).

60.  The Department of Justice ("DOJ") addressed PDF document publishing by Title II entities in 2003 and 2008.  The DOJ mandated through Department Technical Guidance that if a Title II entity were going to publishing electronic documents on the Internet through the World Wide Web, they must offer those documents in an accessible format i.e.: HTML.

61.  The DOJ guidelines on the application of Title II of the ADA state:

"[T]he Department has taken the position that title II covers Internet Web site access. Public entities that choose to provide services through web-based applications (e.g., renewing library books or driver's licenses) or that communicate with their constituents or provide information through the Internet must ensure that individuals with disabilities have equal access to such services or information, unless doing so would result in an undue financial and administrative burden or a fundamental alteration in the nature of the programs, services, or activities being offered."  28 C.F.R. Pt. 35 app. A, page 126.

62.  Title II of the ADA mandates that no qualified individual with a disability shall, by reason of such disability, be excluded from full and equal participation in or be denied the benefits of the services, programs, or activities of a public entity, or *be subjected to discrimination by any such entity*, 42 U.S.C. §12132.

63.  Historically, Congress' statutory intent has been to construe Civil Rights legislation broadly. The interpretation of causation is based on proximate (not remote) cause. In *Bank of America*, the Supreme Court affirmed that proximate cause is controlled by the nature of the statutory cause of action (quoting from *Lexmark Intl' Inc. v. Static Control Components, Inc.* 572 U.S. (2014)). In Civil Rights violations, proximate cause requires a direct relation between the injury asserted and the injurious conduct. The interconnection of the right to participate in government and social programs and economic and social life is fluid and multi-dimensional such that a violation of civil rights

causes ripples of harm to flow. *Bank of America* (quoting from *Ass. Gen. Contractors of Cal. Inc. v. Carpenter,* 459 U.S. 519, 534 (1983)). In *Bank of America*, the Supreme Court held that Congress has not legislated (drawn) precise boundaries on the application of proximate cause for civil rights violations and instructed the lower court to define the contours of proximate cause based on the facts and circumstances of the underlying action. Thus, as a disabled individual, the instant Plaintiff has established standing.    In considering standing, in *Havens Realty Corp v Coleman*, 455 U.S. 363 (1982) the Supreme Court explained that "the actual or threatened injury required by Art. III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Id.* at  373, 102  S.Ct.  at  1121 (alterations  adopted)  (quoting *Warth  v. Seldin,* 422 U.S. 490, 500, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975)); *see also Linda R.S. v. Richard D.,* 410 U.S. 614, 617 n. 3, 93 S.Ct. 1146, 1148 n. 3, 35 L.Ed.2d 536 (1973) ("Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute.").

64.  In *Bledsoe v.  Palm Beach County Soil & Water Conservation District*, 133 F.3d 816, 821-22 (11th Cir. 1998) and *Bircoll v. Miami-Dade County*, 480 F.3d 1072, 1085, (11th Cir. 2007), the Eleventh Circuit explained that "subjected to discrimination by any such entity" is *not* directly tied to "services, programs or activities" of the public entity.  Instead, *subjected to discrimination by any such entity* "is a catch-all phrase that prohibits all discrimination by a public entity, regardless of the context."  *Bledsoe* at 822. Therefore, discrimination by a public entity is prohibited regardless of whether such discrimination involves a service, program or activity.

65.  Defendant Alachua County, Florida is a political subdivision of the State of Florida and a public entity under Title II of the ADA. A public entity includes any

instrumentality of a state or local government, therefore Defendant is subject to Title II of the ADA.  42 U.S.C. §12131(1)(b).

66.  As a public entity, Defendant must:

a)  Provide full and equal enjoyment of its services, programs, and activities in the most integrated setting appropriate to people with disabilities. 42 U.S.C. §12131, *et. seq.*; 28 C.F.R. §35.130(a).

b)  Ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals unless the public entity can demonstrate that taking those steps to modify policies, practices, or procedures would fundamentally alter the nature of the service, program, or activity; 28 C.F.R. §35.130(b)(7).

c)  Ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals unless the public entity can demonstrate that legitimate safety requirements are necessary for safe operation. Any safety requirements must be based on actual risks and not on mere speculation, stereotypes, or generalizations about individuals with disabilities; 28 C.F.R. §35.130(h).

67. Defendant is a recipient of federal financial assistance.  As a condition precedent to receiving such assistance, Defendant must affirm that it is in compliance with federal anti-discrimination laws including the RA and the ADA.  Defendant has consistently and repeatedly affirmed such compliance to the federal funding agencies when it knows that it is not complying with those laws based upon the DOJ Technical Guidance first issued in 2003 and updated in 2008.

68.  Defendant failed to provide its electronic documents in a format accessible to

visually impaired individuals who require screen reader software to comprehend those electronic documents despite the sufficiently obvious need to do so. Therefore, Plaintiff has been effectively denied access to those electronic documents by Defendant.

69. By denying Plaintiff the opportunity to comprehend and benefit from its electronic documents due to Plaintiff's disability (visual impairment), Defendant has denied Plaintiff the opportunity to participate in or benefit from the services, programs or activities afforded to non-disabled persons and persons who are not visually impaired and has therefore subjected Plaintiff to discrimination.

70. Providing electronic documents in a format that can be recognized by screen reader software and therefore making those electronic documents accessible to the visually impaired would not result in any undue burden to Defendant.

71. Providing electronic documents in a format that can be recognized by screen reader software thereby making those electronic documents accessible to the visually impaired would not fundamentally change the nature of Defendant's services, programs, or activities.

72. Defendant is required to provide full and equal enjoyment of its services, programs, and activities in the most integrated setting appropriate to people with disabilities; 42 U.S.C. §12131, *et. seq.*; 28 C.F.R. Part 35.

73. As a result of the virtual barriers within the electronic documents provided by Defendant, visually impaired individuals are denied the full and equal access to the services, programs, and activities offered by Alachua County and have been denied participation in the government of Alachua County in a manner equal to that afforded to others; in derogation of Title II of the ADA and Section 504.

74. As a public entity, Defendant may not (directly or through contractual or

other arrangements) utilize methods of administration that deny individuals with disabilities access to its services, programs, and activities or that perpetuate the discrimination of another public entity; 28 C.F.R. § 35.130(b)(3).

75.   As a public entity and pursuant to Title II, Defendant is required to make reasonable modifications in its policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity; 28 C.F.R. § 35.130(b)(7).

76.   Defendant is required to present the electronic documents it provides to the public in an accessible format in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability.

77.   Defendant's failure to make its electronic documents accessible has impeded Plaintiff from accessing the publicly available information required to advocate for the disabled and infirm.   However, Alachua County made this information available to the non-disabled so that they can participate in the services and programs of Alachua County and advocate on any topic they wish.   By such failure, Defendant has discriminated against the visually impaired.

78.   Defendant is blatantly discriminating by its failure to provide accessible electronic documents for blind and visually impaired citizens. Defendant has violated Title II of the ADA in numerous ways, including discriminatory action which occurred when the Defendant failed to maintain policies and procedures to ensure compliance with Title II of the ADA by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access Defendant's electronic documents provided within its Website.

These violations are ongoing.

79.   As a result of Defendant's inadequate creation, development, and administration of Defendant's electronic documents, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 to remedy the discrimination.

## COUNT II – VIOLATION OF SECTION 504 OF THE REHABILITATION ACT

80.   Plaintiff is legally blind, which substantially limits him in his major life activity of seeing. Therefore, Plaintiff is an otherwise qualified individual with a disability under Section 504 of the RA and a person who has suffered discrimination caused by Defendant.

81.   In *Nat'l Ass'n of Deaf v. State*, 318 F.Supp. 3d 1338, 1348 (SD Fla 2018) at *5 (citing *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000) the court found that "[t]he elements of a Title II claim and a Section 504 claim are the same," and can be addressed together.

82.   As an otherwise qualified individual, Plaintiff is expressly authorized under Section 505 which enforces Section 504, 29 U.S.C. §§ 794 & 794(a), incorporating the remedies, rights and procedures set forth in Section 717 of the Civil Rights Act of 1964, including the application of §§ 706(f) - (k), 42 U.S.C. §§ 2000e (5)(f) - (k).

83.   On information and belief, Defendant is a recipient of federal financial assistance. The Board of County Commissioners of Alachua County distributes that federal financial assistance to its agencies and departments through its budgetary and legislative activities. As the distributor of federal financial assistance, *all of the operations* of Board of County Commissioners of Alachua County (including Defendant's document creation and archives) are subject to the RA as a covered program or activity; 29 U.S.C. §794(b)(1)(B).

84.  Congress enacted the RA in 1973 to enforce the policy of the United States that all programs, projects, and activities receiving federal assistance "… be carried out in a manner consistent with the principles of … inclusion, integration, and full participation of the individuals [with disabilities]."  (codified at 29 U.S.C. §701(c)(3))

85.  Section 504 of the RA prohibits recipients of federal funding from discriminating against disabled persons and requires that programs or activities operated by a federally-funded entity be readily accessible to persons with disabilities; 28 C.F.R. §42.520.

86.  For the purposes of RA claims, the term "program or activity" means all of the operations the entity of the State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended; 29 U.S.C. Section 504, §794(b)(1)(B).

87.  Section 504 of the RA, 29 U.S.C. §794 requires that no otherwise qualified individual with a disability, on the basis of that disability, be excluded from participation in or be denied the benefit of the services, programs, activities, or to otherwise be discriminated against.

88.  The RA defines "program or activity" to mean all of the operations of an entity of state or local government which distributes federal financial assistance. The Board of County Commissioners of Alachua County is an entity of state or local government that distributes federal financial assistance, all of the operations of Alachua County are covered under the RA including Alachua County's creation, storage and providing electronic documents to the public. For the purposes of this section, the term "program or activity" consists of all of the operations of a department, agency, special purpose district, or other instrumentality of a state or of a local government; 29 U.S.C.

§794(b)(1)(A).

89.   By failing to make its electronic documents accessible to the visually disabled Alachua County has denied access to its services, programs and/or activities to the visually disabled, which has subjected Plaintiff to discrimination, excluded Plaintiff from participation (in those services, programs and/or activities), and denied Plaintiff the benefits of Defendant's electronic documents.

90.   As of this filing, Defendant's electronic documents are inaccessible to persons who are blind and/or low sighted and use screen readers to comprehend the internet, but are accessible to persons without vision disabilities.

91.   Specifically, as related to violations of Section 504, blind and visually impaired individuals need to comprehend and access the electronic documents which Defendant provides to the public. Yet, Defendant's electronic documents are not saved in an accessible format which properly interfaces with screen reader software so that blind and visually impaired individuals are able to comprehend those documents.

92.   As a distributor of federal funds and pursuant to Section 504, the Defendant may not deny a qualified handicapped person the opportunity to participate in or benefit from the aid, benefit, or service; 45 CFR §84.4(b)(1)(i).

93.   As a distributor of federal funds and pursuant to Section 504, the Defendant may not afford a qualified handicapped person an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others; 45 CFR §84.4(b)(1)(ii).

94.   As a distributor of federal funds and pursuant to Section 504, the Defendant may not provide a qualified handicapped person with an aid, benefit, or service that is not as effective as that provided to others; 45 CFR §84.4 (b)(1)(iii).

95.     As a distributor of federal funds and pursuant to Section 504, the Defendant may not provide different or separate aid, benefits, or services to handicapped persons or to any class of handicapped persons unless such action is necessary to provide qualified handicapped persons with aid, benefits, or services that are as effective as those provided to others; 45 CFR §84.4 (b)(1)(iv).

96.     Plaintiff has been denied the ability to comprehend electronic documents provided by Defendant which would permit Plaintiff to access the programs, services, and activities of Alachua County and to advocate for the disabled and infirmed with respect to Alachua County government.   As a distributor of federal funds and pursuant to Section 504, Defendant may not otherwise limit a qualified handicapped person in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving an aid, benefit, or service; 45 CFR §84.4(b)(1)(vii).

97.     As a distributor of federal funds and pursuant to Section 504, Defendant may not (directly or through contractual or other arrangements) utilize criteria or methods of administration (i) that have the effect of subjecting qualified handicapped persons to discrimination on the basis of handicap, (ii) that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the recipient's program or activity with respect to handicapped persons, or (iii) that perpetuate the discrimination of another recipient if both recipients are subject to common administrative control or are agencies of the same state; 45 CFR §84.4(b)(4).

98.     As a distributor of federal funds and pursuant to Section 504, Defendant is required to evaluate (with the assistance of interested persons including handicapped persons or organizations representing handicapped persons) its current policies and

practices and the effects thereof that do not or may not meet the requirements of this part; 45 CFR §84.6(c)(1)(i).

99.     As a distributor of federal funds and pursuant to Section 504, Defendant is required to modify, after consultation with interested persons (including handicapped persons or organizations representing handicapped persons), any policies and practices that fail to meet the requirements of this part; 45 CFR §84.6(c)(1)(ii).

100.     As a distributor of federal funds and pursuant to Section 504, Defendant is required to take, after consultation with interested persons (including handicapped persons or organizations representing handicapped persons), appropriate remedial steps to eliminate the effects of any discrimination that resulted from adherence to these policies and practices; 45 CFR §84.6(c)(1)(iii).

101.     As a distributor of federal funds and pursuant to Section 504, Defendant is required to designate at least one person to coordinate its efforts to adopt grievance procedures that incorporate appropriate due process standards and that provide for the prompt and equitable resolution of complaints alleging any action prohibited by this part; 45 CFR §84.7(a) & (b).

102.     Defendant has discriminated against Plaintiff (and other individuals with visual impairments) in the unequal provision of the electronic documents which Defendant provides to the public.  As a result, Plaintiff has experienced exclusion, segregation, mental anguish, and humiliation in violation of his civil rights.

103.     Defendant's policies, practices and procedures, particularly the actions and omissions described above have violated Plaintiff's rights under Section 504 by discriminating on the basis of a disability.

104.    As a public entity, Defendant knows or should know of the 2003 guidelines provided by the DOJ which require public entities to provide information to the public in accessible format.

105.    Defendant has failed to act on the likelihood of harm each time it has created and archived documents without addressing the accessibility of those electronic documents for blind and visually impaired individuals. Thus, Defendant has demonstrated deliberate indifference to Plaintiff's federally protected rights in failing to provide equal access to its services, programs and/or activities for blind and visually impaired individuals.

106.    By Defendant's failure to make electronic documents accessible or to otherwise respond to Plaintiff's request for accommodation in a meaningful manner (requested by Plaintiff on February 13, 2019 via U.S. mail) Defendant's actions further reflect its deliberate indifference to the rights of Plaintiff based on Plaintiff's disability.

107.    While in this instance Plaintiff requested accommodation from Defendant, no request for an accommodation is necessary to plead a claim for failure to accommodate where the need for such an accommodation is obvious. See *Wilson v. Broward Cty.,* No. 04-61068, 2006 WL 8431515, at *3 (S.D. Fla. Jan. 13, 2006)(denying a motion to dismiss in a Title II case where plaintiff claimed that his need for accommodation was obvious).

108.    The ongoing and continuous act of failing to provide effective communication goes beyond gross negligence. Thus, Defendant is in violation of Section 504 of the RA. See: *Liese v. Indian River County Hosp. Dist.*, 701 F.3d 334, (11th Cir. 2012).

109.    The standard for deliberate indifference as set forth in *Liese v Indian River County Hospital District*, No. 10-15968 (11th Cir. Nov 13, 2012); See: "[D]eliberate

indifference defined in the context as occurring when "the defendant knew that harm to a federally protected right was substantially likely and failed to act on that likelihood," the *Liese* court, quoting from *T.W. ex.rel. Wilson v. Sch. Bd of Seminole Cnty., Fla*., 610 F.3d at 604 (11th Cir.2010); accord *Loeffler v. Staten Island Univ. Hosp*., 582 F.3d 268, 275 (2d Cir.2009); *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228–29 (10th Cir.2009); *Duvall v. Cnty. Of Kitsap*, 260 F.3d 1124, 1139 (9th Cir.2001); see Fig. 1



Fig. 1

110.   Plaintiff has met the standard for deliberate indifference established in *McCollum v Orlando Reg'l Healthcare Sys., Inc.,* 768 F.3d 1135, 1147 (11th Cir 2014): "a plaintiff must show that the defendant 'knew that harm to a federally protected right was substantially likely' and 'failed to act on that likelihood.'" (emphasis omitted) (quoting *Liese*, 701 F.3d at 344), which standard was instrumental in the 11th Circuit Court of Appeals decision in favor of the deaf defendant Harold Crane to find that Palmetto General Hospital had intentionally discriminated against the plaintiff, reversing summary judgment on plaintiff's claim of ineffective communication during involuntary commitment proceeding under deliberate indifference standard (*Crane v. Lifemark Hosps., Inc.*, 898 F.3d 1130, 1135-36 (11th Cir. 2018).

111.   As a result of Defendant's actions, Plaintiff has been damaged and has suffered injuries and shame, humiliation, isolation, segregation, experienced emotional

suffering, pain and anguish and has been segregated and prohibited from enjoying the programs, services and activities offered by Alachua County government to residents and visitors (through the knowledge gained from its electronic service documents and through participating in the government of Alachua County).

112.    An award of monetary damages under Section 504 requires showing of intentional discrimination/deliberate indifference. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely [knowledge that an accommodation is required], and a failure to act upon that likelihood." *Id*. at 1139; *Lovell v. Chandler,* 303 F.3d 1039, 1056 (9th Cir. 2002).

113.    Plaintiff is entitled to damages pursuant to Section 504 because of Defendant's deliberate indifference to the inaccessibility of the electronic documents it provides to the public, despite Plaintiff's request for accommodation.

114.     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Alachua County.

115.    For all of the foregoing, Plaintiff has no adequate remedy at law

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Juan Carlos Gil hereby demands judgment against Defendant Alachua County, Florida including a declaratory judgment, pursuant to Rule 57 of the FRCP stating that the Defendant's practices, policies, and procedures have subjected Plaintiff to discrimination in violation of Title II of the ADA and Section 504 of the RA to permanently enjoin Alachua County, Florida from any practice, policy and/or procedure which will deny Plaintiff equal access to the services, programs and activities offered by

Alachua County, Florida to residents and visitors and in participating in the government of the Alachua County, Florida as well as:

a)    Issue a declaratory judgment that Defendant has violated the Plaintiff's rights as guaranteed by Title II of the ADA and Section 504;

b)    The Court enter an Order requiring Defendant to update all electronic documents made available to the public to remove barriers in order that individuals with visual disabilities can access the electronic documents to the full extent required by Title II of the ADA and Section 504;

c)    Enter an Order pursuant to 42 U.S.C. §12188(a)(2) for permanent injunction which directs Defendant to take all steps necessary to bring the electronic documents which it provides on its electronic media into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that all electronic documents are fully accessible to, and independently usable by, blind and low sighted individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

d)    Order Defendant to retain a qualified consultant acceptable to Plaintiff ("Mutually Agreed Upon Consultant") who shall assist it in improving the accessibility of its electronic documents, so they are accessible to individuals with visual disabilities who require those electronic documents to be in accessible format or provided in HTML format;

e)      Order Defendant to engage a (mutually agreed upon) Consultant to perform an automated accessibility audit on a periodic basis to evaluate whether Defendant's electronic documents to be accessible to individuals with visual disabilities who require those documents to be in accessible format or provided in HTML format;

f)      Award damages in an amount to be determined at trial;

g)      Award Plaintiffs' reasonable litigation expenses and attorneys' fees; and

h)      Award such other and further relief as it deems necessary, just, and proper.

Dated this 3rd day of July, 2019.

Respectfully submitted,

*s/ Scott Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
Email: inbox@dininlaw.com

*s/ Juan Courtney Cunningham*
Juan Courtney Cunningham, Esq.
J. Courtney Cunningham PLLC
8950 SW 74th Court, Suite 201
Miami, Florida 33156
Tel: (305) 351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*